# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL H. WU** and **CHRISTINE T. WU**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 15 C 2238 |
| ) | |
| **PRUDENTIAL FINANCIAL, INC.**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In mid-July 2014 Michael and Christine Wu (collectively "Wus") filed an extraordinarily prolix pro se Complaint in Case No. 14 C 5392 against Prudential Financial, Inc. ("Prudential") and a host of other defendants, asserting that Wus had been victims of securities fraud. This Court urged Wus from the outset to obtain knowledgeable counsel to represent them, not only for their own benefit but also because defendants and their counsel, as well as this Court, would be better served by dealing with able and experienced professionals on the other side of the "v." symbol in the action.

That view appeared to be shared by Wus, who had coupled the filing of their pro se Complaint with a motion for attorney representation [Dkt. 5] and a totally ill-conceived application for leave to proceed in forma pauperis [Dkt. 4] -- an application that on its face revealed Wus to be extremely wealthy. When that motion was understandably denied and the turgid Complaint was dismissed without prejudice, Wus went back to the drawing board and filed an Amended Complaint.

That new effort was met with a battery of motions to dismiss by various of the defendants [Dkts. 76, 79, 83 and 87], and during a November 14, 2014 hearing this Court addressed those

motions orally and dismissed the action with prejudice. Wus then filed a motion for reconsideration that this Court stated it would treat as a Fed. R. Civ. P. ("Rule") 59(e) motion, continuing that motion to January 20, 2015 for hearing. In the interim Wus again submitted an obviously deniable motion for the court to designate counsel to represent them. On January 20, after oral presentations by Wus and some defense counsel, Wus withdrew their motion to reconsider and this Court (1) converted the earlier with-prejudice dismissal to a dismissal without prejudice and (2) denied the designation-of-counsel motion as moot.

Now Wus have returned to the fray with a newly-filed Complaint bearing the number reflected in the caption here, and this new case has been assigned directly to this Court's calendar under the provisions of LR 40.3(b)(2). Wus have stubbornly continued to act pro se, even though it is an understatement to say that they can well afford to retain and pay a lawyer or law firm well-qualified in dealing with complex securities matters, and Wus' resulting work product is consequently terribly difficult to follow. That difficulty stems text in large part (though not entirely) from Wus' narrative style -- it is particularly opaque because the Complaint suffers from the Wus' obvious love affair with alphabet soup: Countless terms that they employ are defined at the occasion of their first usage by two-capital-letter or three-capital-letter designations, so that the reader is constantly forced to turn back in the Complaint to locate the first use of such a shorthand designation at some earlier point in the narrative.

Thus any attempt to navigate through the 117-paragraph pleading recalls to mind what used to be a familiar metaphor, drawn from a sport other than complaint-reading, that "you can't tell the players without a score card." In ancient days as a student of English literature this Court had no difficulty in understanding Shakespeare's language, despite the changes that time had wrought in word meanings, because that problem was alleviated (if not eliminated entirely) by

the use of a glossary.  But in this instance the need to produce a bulky glossary listing, plus the need for its use in translating Wus' host of shorthand designations, would be too complex and time-consuming to permit an informed and time-economical straight-through reading of the Complaint.

All of that said, this Court has no desire to relive its earlier experience with the Wus and their stubborn adherence to a "please, mother, I'd rather do it myself" approach.  Instead it simply lets the new Complaint stand without expressing any views as to its substantive viability, and it sets an initial status hearing for 9 a.m. June 8, 2015.  If any motions rather than answers and affirmative defenses are advanced by one or more defendants in the interim, it is expected that they will be noticed up for presentment in the ordinary course, so that an appropriate timetable or timetables for briefing and disposition may be established.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 23, 2015