# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL H. WU** and **CHRISTINE T. WU**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 15 C 2238 |
| ) | |
| **PRUDENTIAL FINANCIAL, INC.**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This is the second lawsuit brought pro se by husband and wife co-plaintiffs Michael and Christine Wu (collectively "Wus") against a host of defendants to assert claims that the Wus had been victims of securities fraud. For present purposes there is no need to undertake the difficult task of trying to decipher what this Court's March 23, 2015 memorandum opinion and order in this case referred to as "an extraordinarily prolix pro se Complaint in Case No. 14 C 5392" (Wus' earlier lawsuit) -- that chore is left to any reader who may seek to review what this Court said and did in connection with that first lawsuit and what is being said and done here.

Instead, suffice it to say that on November 14, 2014 this Court dismissed that first lawsuit with prejudice, after which Wus filed a motion for reconsideration just before expiration of the 28-day period prescribed by Fed. R. Civ. P. ("Rule") 59(e). That motion was ultimately addressed orally on January 20, 2015, with both Wus present in court but with Michael Wu (as always) speaking for both.

At that hearing this Court again inquired as to why, despite their acknowledged ample ability to retain knowledgeable counsel rather than continue to proceed on their own, Wus continued to appear pro se. Michael Wu responded (Jan. 20, 2015 Tr. 6:9):

> Yes, we try, and we contacted 20 counsels. And they will not take our case for various reasons. We talk to 20 counsels.

After colloquy that then ensued among several defense counsel, Michal Wu and this Court (the transcript for that morning comprises some 16 pages), this Court stated (id. 11:1):

> I don't see any alternative at this level and with these documents to do anything other than to deny the motion for reconsideration.

Michael Wu then responded (id. at 11:19):

> Your Honor, we talk to a counsel. He is willing to take our case if Judge can change from dismiss -- with prejudice to without prejudice so he can take the case to a less pleading requirement to FINRA.[1]

After inquiring of defense counsel as to whether they had any objection on that score, this Court granted Wus' request that the case's dismissal with prejudice be converted to a dismissal without prejudice.[2]

But despite Michael Wu's representation on which this Court relied in ordering that conversion, Wus did not take their dispute to arbitration before FINRA. Instead they have instituted a newly-filed Complaint against a large packet of the same defendants, bearing the 15 C 2238 case number reflected in the caption of this opinion -- a Complaint that rivals their earlier Complaint in its impenetrability. Wus are still representing themselves pro se (again just why is difficult to understand), and their new action has quite understandably been met with a bulky motion to dismiss filed by various of the defendants (the "Prudential Defendants") that had

---

[1] That is the acronym for Financial Industry Regulatory Authority.

[2] As Michael Wu had represented in that respect (id. 13:2):

> But we need a dismissal without prejudice; otherwise, we cannot take the case to FINRA.

originally been set for presentment on May 6 but was then rescheduled for May 18 because the Wus are presently out of state.

In sum, it looks very much as though Wus have perpetrated a fraud on this Court, whose ultimate entry of a without-prejudice dismissal in place of the earlier with-prejudice disposition was specifically predicated on the commitment that Michael Wu made but has later dishonored. This Court orders the parties to come prepared to discuss, at the rescheduled May 18 presentment date for the Prudential Defendants' motion, whether the earlier case calls for a reconversion to a with-prejudice dismissal (including the question whether there is jurisdiction to do so), so that the current action would be barred on claim preclusion grounds.

                                                    */s/ Milton I. Shadur*

                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date:  May 4, 2015